IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-353-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CHRISTOPHER STEWART WILSON | ) | |

This cause comes before the Court on defendant's motion to suppress all evidence obtained as a result of an allegedly illegal use of a global positioning system device. A hearing was held on the matter before the undersigned on August 23, 2013, at Raleigh, North Carolina. For the reasons discussed below, defendant's motion is denied.

## BACKGROUND

Defendant and others are charged in a fifteen-count indictment for conspiracy, Hobbs Act robberies, bank robberies, and firearms charges. The factual issues surrounding the evidence obtained by law enforcement are not in dispute. Rather, defendant asks this Court to suppress evidence obtained as the fruit of an illegal search in light of *United States v. Jones*, 132 S. Ct. 945 (2012). In *Jones*, the Supreme Court held that the attachment of a global positioning system (GPS) device to car and monitoring of that device while the car is being driven on public streets is a search within the meaning of the Fourth Amendment. Thus, defendant argues, in the absence of a warrant or an applicable exception to the warrant requirement, the placement of a GPS device on defendant's car was an illegal search and the evidence obtained therefrom should be suppressed.

DISCUSSION

The Court denies defendant's motion to suppress the evidence obtained as a result of law enforcement's use of a GPS device on two bases.

First, defendant was on federal supervised release when the GPS device was placed on his car, and therefore had a "severely diminished expectation[] of privacy by virtue of [his] status alone." *Samson v. California*, 547 U.S. 843, 852 (2006). While the terms of his supervision did not include warrantless searches, defendant was at the time of the GPS search subject to a home confinement condition with electronic monitoring due to violations of previously imposed terms of supervised release. Defendant's expectation of privacy was therefore even further reduced in light of actions while on supervised release. *See United States v. Yuknavich*, 419 F.3d 1302, 1310 (11th Cir. 2005) (officers justified in monitoring defendant more closely and imposing greater infringements on defendant's privacy after defendant violated terms of his supervised release).

To have a legitimate expectation of privacy, an individual must have "'an actual (subjective) expectation of privacy' and the expectation must be 'one that society is prepared to recognize as reasonable.'" *United States v. Reyes*, 283 F.3d 446, 457 (2d Cir. 2002) (citation omitted). Here, defendant was well-aware that his location was being monitored as defendant's probation officer was *required* to know whether defendant was abiding by his conditions of confinement and was at his home when he was supposed to be. Further, the probation office's general supervisory responsibility to ensure that defendant did not commit further crimes, *see Reyes*, 283 F.3d at 459-60, did not end with knowing whether defendant was abiding by his conditions of home confinement, but included a general monitoring of defendant's conduct. 18 U.S.C. § 3603(2). Thus, defendant had no reasonable expectation that his conduct was not being

2

monitored, and law enforcement's minimal intrusion of placing a GPS device on plaintiff's car for eight hours was in no way outweighed by defendant's already severely diminished expectation of privacy as to his whereabouts.[1]

Second, assuming alternatively that the GPS search of defendant did violate the Fourth Amendment, the exclusionary rule is inapplicable here in light of the good faith exception. The search in this matter took place prior to the Supreme Court's opinion in *Jones*. "[W]hen police conduct a search in objectively reasonable reliance on binding judicial precedent" that is later overturned, the good faith exception to the exclusionary rule provides that the evidence obtained therefrom need not be suppressed. *Davis v. United States*, 131 S. Ct. 2419, 2428-29 (2011). This is because the exclusionary rule is inapplicable to conduct of law enforcement that is not culpable or is not executed recklessly or with gross negligence. *Id.*

Defendant is correct to note that at the time of this search there was no binding precedent in the Fourth Circuit regarding the use of GPS devices. There was however, Supreme Court precedent that the use of a beeper to track a car on public streets was not a search, *United States v. Knotts*, 460 U.S. 276 (1983), as well as ample precedent from other circuits holding that GPS

---

[1] Even if the officers could not justifiably place a GPS device on defendant's car solely in light of his status as a supervised release detainee already subject to electronic monitoring, the officers at a minimum needed only a reasonable articulable suspicion, not probable cause, to support the placement of the GPS device. *See e.g. United States v. Barker*, 1:13CR18, 2013 WL 3246085 (N.D.W.Va. June 26, 2013) ("Barker's privacy interest does not outweigh the government's considerable need to oversee the behavior of a supervisee such as Barker, who appeared intent on violating the conditions of his supervised release . . . and the arrest team needed only a reasonable suspicion, and not probable cause or a warrant, to search Barker's apartment."). The officers here had surveillance film and information from interviews that implicated defendant in area robberies, which is sufficient to support a reasonable articulable suspicion that defendant was involved in criminal activity.

3

monitoring was also not a search for purposes of the Fourth Amendment. *See e.g. United States v. Garcia*, 474 F.3d 994 (7th Cir. 2007); *United States v. McIver*, 186 F.3d 1119 (9th Cir. 1999). In light of the foregoing and in the absence of Fourth Circuit precedent to the contrary, it was reasonable for law enforcement to conclude in good faith that at the time of this search their use of a GPS device on defendant's car to track his movements on public streets was lawful under then-applicable Fourth Amendment jurisprudence. Indeed, a panel of this circuit's court of appeals has implied that *Davis* would apply to prevent the exclusion of evidence otherwise subject to suppression under *Jones*. *United States v. Sellers*, 512 F. App'x 319, 328 (4th Cir. 2013) *cert. denied*, 133 S. Ct. 2786 (2013). Because none of the goals of the exclusionary rule would be served by suppressing the evidence obtained here, the Court denies defendant's motion to suppress.

## CONCLUSION

For the reasons discussed above, defendant's motion to suppress [DE 107] is DENIED.

SO ORDERED, this **3** day of September, 2013.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4